J. L. BROWN ET ALS. V. THE STATE.

*No. 3274.　Decided November 30.*

**1.　Scire Facias—Evidence.**—Brown, on a charge of assault to murder, before a justice of the peace as a committing court, waived examination and entered into bond for his appearance at the next term of the District Court. He was thereupon dis-

charged from custody, and the bond was returned to the District Court. This bond was forfeited and judgment *nisi* rendered upon it by the District Court. The *scire facias* to the sureties recites, in effect, that defendant Brown, "in a certain prosecution pending in the District Court, did enter into a bond with M., A., and B. as sureties, in the penal sum of $1000, conditioned that defendant should make his personal appearance before said court on September 3, 1888, then and there to answer the State of Texas upon a charge by information before H., J. P., etc., duly presented in said court, wherein J. L. Brown, said defendant, is charged with the offense of assault to murder, and there to remain, etc.; and whereas, on September 24, 1888, before said court, then in session, etc., said prosecution was called for trial, and said Brown wholly failed to appear, etc., and thereupon said bond was duly declared forfeited by said court, and it was ordered, adjudged, and decreed," etc. *Held:* This *scire facias* shows upon its face that the bond was forfeited and judgment *nisi* rendered in the Justice Court, and upon a charge by information pending in that court. Such allegations are not sustained by the judgment *nisi* rendered in the District Court.

2.    Same—Variance.—The *scire facias* alleges that the bond was executed "in a certain prosecution pending in the District Court." The appearance bond executed before the examining court was introduced to support the allegation. *Held*, error, because of variance.

3.    Same.—Again, the allegation that the bond was executed "to answer the State of Texas upon *a charge by information* before the justice of the peace," etc., could not be proved by a bond to answer before the next term of the District Court to a charge of assault to murder. Such charge could not be finally tried in a Justice Court, and, being a felony, in no court *upon information*. The *scire facias* was fatally defective, and should have been quashed.

APPEAL from the District Court of Ellis. Tried below before Hon. Anson Rainey.

The opinion discloses the case. The amount of the bond and judgment was $1000.

*Groce & Templeton*, for appellants.

*W. L. Davidson*, Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—This appeal is from a judgment final on a forfeited bail bond.

Brown, having been brought before a justice of the peace sitting as an examining court upon a charge of assault with intent to murder, waived an examination and was required by said justice to enter into bond in the sum of $1000 for his appearance at the next term of the District Court to answer said charge. Brown executed said bond with sureties, conditioned as the law requires, was discharged from custody, and the bond returned to the District Court. This bond was forfeited and judgment *nisi* rendered upon it. In the *scire facias* issued to the sureties the cause of action as set forth in this writ of *scire facias* or citation is, in effect, that defendant Brown "in a certain prosecution pending in the District Court did enter into a bond, with D. Mahoney, G. L. Adkisson, and D. B. Bullard as sureties, in the penal sum of one thousand dollars, condi-

tioned that the said defendant should make his personal appearance before the said court on the 3d day of September, 1888, then and there to answer the State of Texas upon a charge by information before W. L. Harding, J. P., Precinct No. 1, Ellis County, Texas, duly presented in said court, wherein J. L. Brown, the said defendant, is charged with the offense of assault to murder, and there remain from day to day and from term to term until discharged by law; and whereas on, to-wit, the 24th day of September, 1888, before said court, then in session for said Ellis County, said prosecution was called for trial, and the said J. L. Brown wholly failed to appear and answer said accusation against him, and thereupon said bond was duly declared forfeited by said court, and it was ordered and adjudged and decreed by said court," etc.

From the reading of this *scire facias* it would appear that the bond was forfeited and judgment *nisi* rendered in the Justice Court, and upon a charge *pending by information* in that court. If so, then the judgment *nisi* rendered by the District Court would not sustain the allegations in the petition, or citation, which subserves the purposes of a petition.

Again, the *scire facias* alleges that the bond was executed "in a certain prosecution pending in the District Court." This allegation could not be proved by an appearance bond taken by and entered into in an examining court of a justice of the peace; and hence, said bond was erroneously admitted in evidence over the objections of defendants, there being a fatal variance between it and the descriptive allegations in the citation.

Again, the allegation that Brown had executed said bond in order "to answer the State of Texas *upon a charge by information* before W. L. Harding, J. P., Precinct No. 1 of Ellis County, duly presented in said court," could not be proved by a bond which was executed to answer before the next term of the District Court to a charge of assault with intent to murder. Such a crime could not be finally tried at all in a Justice Court, and it could not be tried in any court in this State upon "*information*," it being a felony.

The *scire facias* is fatally defective and should have been quashed. There was unquestionably a fatal variance between the allegations and the proof introduced in evidence to sustain them.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*


Judges all present and concurring.